On the Merits.
 

 O’NIELL, C. J.
 

 This is a suit for damages, for the value of timber alleged to have been cut and taken by the defendant from land claimed by the plaintiff. The suit was dismissed, and the plaintiff has appealed. He owns the S.½ of S. W.¼ and N. E.¼ of S. W. ¼ of Sec. 8, Tp. 8 S., R. 5 E., and Joseph C. Gilmore owns the-fractional S. E.¼ of the
 
 *23
 
 same section. The two tracts are adjacent to each other, and contain 259.32 acres. Joseph C. Gilmore assigned his claim for damages to the plaintiff before the suit was filed, and afterwards intervened in the suit, joining'in the assertion of the plaintiff’s claim. He called his vendor, the city of New Orleans, in warranty, but the call in warranty was dismissed on a plea to the jurisdiction.
 

 The defendant, lumber company, ^owns a private land gránt, called the William Leech Headlight, being an irregular section, No. 46, in the same township, and containing 643.20 acres. It was on that tract that the timber was cut. The grant impinges upon or cuts off the southeast corner of what would be the S. E. % of section 8 if it were a regular quarter section. The part that is cut off of the southeast corner of what would be the S. E.% of section 8, if it were a regular quarter section, is described thus: Beginning at a point 63.04 chains east from the southwest corner of section 8, and on the line between sections 8 and 17; thence north, 45° 15' west, 2.32 chains; thence north, 44° 30' east, 27.11 chains, to an old corner on the line between sections 8 and 9; thence south, 20.95 chains, to what would be the southeast corner of section 8 if it were a regular section; thence west, 17.29 chains, to the place of beginning. The tract' contains, approximately if nol; exactly, 21.4 acres, and is the area in dispute.
 

 Plaintiff’s case depends upon his contention that the S. E.% of section 8 is a regular quarter section and contains 160.66 acres; but the latest government survey, with the field notes attached, approved by the surveyor general on the 7th of July, 1S56, shows that the S. E.14 of section 8 is a fractional quarter section (the southeast corner being in the William Leech claim No. 46), and has an area of only 139.26 acres. It is true, the copy of the patent that was issued to plaintiff’s author in title gives the area of the fractional S. E.i/i of section 8 as 160.66 acres, but it could not have that area unless it was a whole and regular quarter section; and it is described in the patent as the “fractional S. E.%,” etc. The error made in stating the area as 160.66 instead of 139.26 acres seems to have resulted from observing an old plat, made in 1845, which did not show the location of the William Leech claim No. 46.
 

 The judgment dismissing the intervener’s call in warranty, on the plea to the jurisdiction, and reserving to the intervener the right to proce'ed against the city of New Orleans in another suit, was rendered nearly a year before the judgment was rendered dismissing the suit. It does not appear that an' appeal was taken from the judgment dismissing the call in warranty. In fact, the record does not show that a judgment was signed, dismissing the call in warranty. Be that as it may, whatever right of action the intervener may have had against the city of New Orleans was reserved in the judgment dismissing the call in warranty.
 

 The judgment appealed from is affirmed at appellants’ cost.